# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  13 C 487 |
| | ) | (01 CR 1115) |
| JUAN DURAN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Juan Duran ("Duran"), who is serving a 300 month sentence after having pleaded guilty to one count of a 27-count multiple-defendant indictment[1] going back a dozen years, has just filed a 28 U.S.C. § 2255 ("Section 2255") motion "To Vacate, Set Aside or Correct Sentence by a Person in Federal Custody." But the motion itself states in its recital of "Procedural History":

> On August 19, 2012 Mr. Duran timely filed a Notice of Appeal.  On Appeal Counsel appointed to represent Movant moved for Leave To Withdraw and filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967) and on September 5, 2012 the United States Court of Appeals For The Seventh Circuit granted the Motion To Withdraw.

Although there is no actual prohibition against the filing of a Section 2255 motion during the pendency of a direct appeal, our Court of Appeals has frequently reconfirmed the principle succinctly stated in United States v. Robinson, 8 F. 3d 398, 405 (7th Cir. 1993):

> The well established general rule is that, absent extraordinary circumstances, the district court should not consider § 2255 motions while a direct appeal is pending.

In addition to the earlier cases collected in Robinson, see, e.g., United States v. Barger, 178 F. 3d

---

[1]  Duran had been named as a defendant in nine of those counts, so that his plea agreement included a confirmation of the criminal conduct in other counts as well as the guilty plea to the Count One drug conspiracy charge.

844, 848 (7th Cir. 1999). Accordingly this Court dismisses Duran's Section 2255 motion, just as was done by another District Court in response to a like Section 2255 motion by Phillip Cyprian, followed by the affirmance of that dismissal via the unpublished order in Cyprian v. United States, 46 F. 3d 1133 (7th Cir. 1995).

Indeed, there is more to support dismissal here than the possibility that the disposition of Duran's direct appeal could render a Section 2255 motion moot. This Court has conducted a brief preliminary review of Duran's motion as prescribed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, including a rereading of Duran's plea agreement by which he pleaded guilty to Count One of the indictment and the transcript of the proceeding during which this Court accepted that guilty plea -- and although this Court did not seek to obtain a transcript of the sentencing proceeding itself, it has a good recollection of that proceeding as well. What the earlier history of the case reflects are major disparities between a number of Duran's earlier acknowledgments and his present contentions of constitutionally inadequate representation by counsel that form the gravamen of his current Section 2255 motion. If then Duran has occasion to consider the refiling of a Section 2255 motion after his pending appeal is disposed of, he will owe the obligation to explain away any such disparities.

Milton I. Shadur
Senior United States District Judge

Date: January 28, 2013

- 2 -